**Georgina REYES SORIANO, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–70130.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Jan. 11, 2010.

Mark Kinzler, Esq., Brian Patrick Conry P.C., Portland, OR, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, San Francisco, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Portland, OR, OIL, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. Agency No. A072–130–383.

Before: GOODWIN, WALLACE and FISHER, Circuit Judges.

### MEMORANDUM **

Georgina Reyes Soriano, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal of an immigration judge's ("IJ") decision denying her application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir.2001), and review de novo claims of due process violations, *Ibarra–Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir.2006). We deny the petition for review.

■ Substantial evidence supports the BIA's determination that Reyes Soriano provided false testimony for the purpose of obtaining an immigration benefit, where Reyes Soriano testified that she lied to an asylum officer to avoid deportation and she did not admit the false testimony until her hearing before an IJ seven months later. *See* 8 U.S.C. § 1101(f)(6); *Ramos,* 246 F.3d at 1266. Reyes Soriano therefore was precluded from showing good moral character for the purpose of cancellation of removal. *See* 8 U.S.C. § 1101(f)(6).

■ Reyes Soriano's claim that the agency deprived her of due process by failing to explicitly warn her that false testimony could bar her from receiving cancellation of removal is not persuasive. Reyes Soriano admits she swore under penalty of perjury that her statements to the asylum officer would be truthful.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

